Filed 8/26/24  P. v. Brown CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRES MANNER BROWN,<br><br>    Defendant and Appellant. | B329893<br><br>(Los Angeles County<br>Super. Ct. No. PA031009) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Andres Brown appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are discussed in detail in this court's prior nonpublished opinion, *People v. Brown* (Mar. 20, 2001, B141167) (*Brown I*).  We briefly discuss them here to provide context for the trial court's ruling.  We otherwise do not rely on this factual background in resolving the issues presented in this appeal.  (See § 1172.6, subd. (d)(3).)

On December 18, 1997, appellant shot Keith Wilcher in the head during an altercation; appellant's gun went off while he was striking Wilcher with it. Wilcher was comatose for eight months and ultimately died.  Appellant was arrested in April 1998 and admitted shooting Wilcher.  (*Brown I, supra.*)

An information charged appellant with murder (§ 187, subd. (a)(1)) and possession of a firearm by a felon (former § 12021, subd. (a)(1)). It further alleged that appellant personally used a firearm during the commission of the murder (§§ 1203.06, subd. (a)(1); 12022.5, subd. (a)(1)), and that he previously suffered a strike conviction (§§ 667, subds. (b)-(i); 1170.12, subs. (a)-(d)).  Appellant pled not guilty and proceeded to jury trial.

The jury found appellant guilty of second degree murder and possession of a firearm by a felon.  It also found true the personal use firearm enhancement and prior conviction allegation.  The trial court sentenced appellant to 40 years to life.  We affirmed appellant's convictions on direct appeal.  (*Brown I, supra.*)

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

In April 2019, appellant filed his first petition for resentencing under former section 1170.95, now section 1172.6.[2]  The court summarily denied the petition without appointing counsel for appellant or holding a hearing.  The court found that appellant was "not entitled to relief as a matter of law.  Petitioner was convicted of second degree murder.  The court file, including the opinion from the court of appeals [*sic*], reflects that petitioner was the actual killer and was not convicted under a theory of felony-murder. To find defendant guilty, the jury was required to conclude that the People proved beyond a reasonable doubt that the killing resulted from an intentional act.  The jury also specifically found that defendant personally used a firearm in the commission of the offense.  Given those factual findings by the jury, defendant is not entitled to relief as a matter of law."  On appeal, a different panel of this court affirmed the denial of appellant's petition.  (*People v. Brown* (May 11, 2020, B299047 [nonpub. opn.] (*Brown II*).)

Appellant filed the instant petition for resentencing in June 2022.  The court appointed counsel for appellant.  The People opposed the petition, arguing that appellant was ineligible for relief as a matter of law because the jury was not instructed on the theories of natural and probable consequences, felony murder, aiding and abetting, or any theory of culpability that imputed malice to appellant.  Thus, the People asserted that appellant was "prosecuted and convicted as the actual killer who committed this crime with actual malice."  The People attached as exhibits the jury instructions from the trial and the appellate opinions *Brown I* and *Brown II*.  In his reply, appellant argued that he had established a prima facie case, as the record of conviction did not eliminate the possibility that the jury found him guilty of murder under a theory of imputed malice.

At the hearing on the petition, defense counsel submitted on the papers.  The superior court stated that it was considering "what was on the record . . . from the trial."  The court found that appellant "was found guilty by a jury of second-degree murder, and the jury also found that he personally

---

[2]      Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

used a firearm in the commission of that offense.  There was no allegation or jury instruction on felony murder or anything else involving imputed malice." The court therefore denied the motion on the grounds that appellant failed to demonstrate prima facie entitlement to relief under section 1172.6.

Appellant timely appealed.

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216.  This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and appellant did so.  We evaluate the arguments set forth in that supplemental brief.  (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant argues that the jury instructions, together with the prosecutor's closing argument, allowed the jury to convict him of second degree murder based on his "participation in the crime of exhibiting a firearm," rather than a finding that he harbored the requisite malice for murder.[3]  We disagree.  Neither the jury instructions alone, or in combination with the closing arguments, allow for the possibility that appellant was convicted under a theory of imputed malice.  Specifically, the jury was instructed on the elements of murder, including implied malice, but the court did not instruct the jury on the natural and probable consequences doctrine or any other theory in which malice could be imputed to appellant.  Similarly, the prosecution argued only that appellant was directly liable as the actual shooter.  The prosecution proceeded on the theory that appellant intentionally shot the victim as revenge for a burglary he believed the victim had committed the day before.  During closing arguments, the prosecution

---

[3]     We granted appellant's unopposed request for judicial notice of *Brown I* and the portion of the trial transcripts containing closing arguments.  He argues that the superior court should have considered the closing arguments as part of the record of conviction.  Neither side provided or cited the closing arguments during briefing on the resentencing petition before the superior court.

also repeatedly reminded the jury that it needed to find express or implied malice in order to convict appellant of murder. The prosecution did not suggest, as appellant contends, that he could be guilty of murder because he committed a different crime.

Appellant's citation to *People v. Langi* (2022) 73 Cal.App.5th 972 does not assist him. There, the victim died from a blow to the head after being beaten by a group of people. (*Id.* at p. 976.) The appellant argued that the combination of jury instructions on aiding and abetting and second degree murder created an ambiguity that allowed the jury to convict him of murder without finding that he was the assailant who threw the fatal punch. (*Id.* at p. 977.) The appellate court agreed, finding that the record of conviction did not conclusively establish that appellant was convicted as the actual killer, and that the jury could have found appellant guilty as an aider and abettor without finding that he acted with malice. (*Id.* at pp. 980-983.) The court thus remanded the case for an evidentiary hearing. (*Id.* at p. 984.) Here, by contrast, it was undisputed that appellant fired the shot that killed the victim. His defenses at trial were that his gun discharged accidentally and that he hit the victim with the gun in self-defense. The jury rejected both of those defenses. Thus, nothing in the record suggests appellant was charged or convicted under any theory in which malice was imputed to him. For this reason, the trial court was correct in concluding appellant was ineligible for relief under section 1172.6 as a matter of law.

Additionally, we have examined the record and are satisfied appointed counsel fully complied with the responsibilities of appellate counsel and no arguable issues exist. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Accordingly, to the extent appellant asserts his counsel rendered ineffective assistance, we reject his argument and affirm the denial of his petition for resentencing.

**DISPOSITION**

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.


We concur:


MORI, J.


ZUKIN, J.